FILED

NOV 19 2018

Clerk, U.S. District and
Bankruptcy Courts

DEBORAH DIANE FLETCHER, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-02379 (UNA)
)
)
CAPITOL ONE BANK )
ACCOUNTANT MANAGER, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint ("Compl.") and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff states she is a "present resident in Washington, D.C." Compl. at 1. She sues "Capitol One Bank Accountant Manager," regarding events which allegedly transpired at a branch location in Miami, Florida. *Id.* at 1 (caption), 2. She alleges that, in the 1990s, defendant mismanaged her savings account and then withheld her funds when she closed the account. *Id.* at 2. It is unclear whether plaintiff is attempting to sue Capitol One as a corporate entity or a specific Capitol One employee. She seeks $3 million in damages. *Id.*

Plaintiff's claim does not present a federal question under § 1331, which leaves diversity jurisdiction as a possibility. It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an " 'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,' " *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)).

Plaintiff has merely pled that she is a "resident" of the District of Columbia, which is insufficient. Compl. at 1; *see Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d at 906. Additionally, because the intended defendant is indeterminate, the applicable citizenship is also unclear. If plaintiff intends to sue Capitol One as a corporation, defendant "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[,]" 28 U.S.C. § 1332(c). Plaintiff has provided no information in this regard. She has also failed to provide any identifying information regarding the individual account manager.

Plaintiff has failed to ascertain the citizenship of any party, including her own. Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: November 16, 2018

United States District Judge